UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:17-cr-152-SDM-TGW
      8:18-cv-2307-SDM-TGW

SERGIO VIERA
_____/

**ORDER**

Sergio Viera moves under 28 U.S.C. § 2255 to vacate his conviction and sentence for being a felon in possession of a firearm, for which he serves 73 months' imprisonment. Viera raises eight grounds of ineffective assistance of counsel, each of which is premised on his assertion that he was promised a shorter sentence and that counsel failed to enforce that promise.

**I. BACKGROUND**

Under the terms of a plea agreement Viera pleaded guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The United States agreed both to recommend a sentence within the advisory guidelines range and to consider any substantial assistance by Viera. Viera faced a maximum of 120 months' imprisonment.

The presentence report ("PSR") recommends an offense level of 17, a criminal history category of IV, and an advisory guideline range of 37 to 46 months' imprisonment. The PSR applies a four-level enhancement under U.S. Sentencing

Guideline § 2K2.1(b)(6)(B) for possession of a firearm in connection with possession of narcotics. Viera initially objected to the enhancement and argued that insufficient evidence existed to connect the firearm and the narcotics. Viera later withdrew the objection.

Also, the PSR applies a two-level enhancement under § 2K2.1(b)(4) because the firearm Viera possessed was stolen. Viera raised no objection to this enhancement.

In accord with the plea agreement the United States recommended a sentence of 46 months' imprisonment, the upper end of the guidelines range. However, the district court varied upward and imposed a sentence of 73 months' imprisonment. The district court explained the upward variance (Crim. Doc. 48 at 18–20):

> First, the offense here is troubling for a number of reasons. It's . . . blatantly defiant of the law, well known to the defendant that he was disabled from possessing a firearm and he nonetheless did, secreting in the trunk of his car a loaded .40-caliber with a full magazine, a weapon that is a powerful, deadly, and blunt-force handgun, and he decorated the home with drugs and firearms. It's essentially a form of continuation of behavior since his early teen years.
>
> So the offense is disturbing and serious and, if counsel will allow me, suggestive of conduct other than what we have here, although . . . that suggestion plays no particular role in the sentence. Anyway, a most disturbing trend in his conduct.
>
> He, of course, has a miserable criminal history that is replete with both organized and individual violence and a constant resort to possession of weapons and ammunition. His conduct makes him a stark threat to himself, to others, and to the community. And those others include his family, friends.
>
> It's palpable that he has little, if any, respect for the law. That 60-month sentence that he received earlier in his life he's long since forgotten or dismissed and that there is a need here to

> protect the community and to sentence this man in a way that creates no unwarranted disparities. . . .
>
> This defendant's extremely fortunate to be a Criminal History Category IV offender rather than a VI. I suspect that IV may not do justice to his efforts as a criminal thus far in his life and neither perhaps does the Offense Level 17 quite do justice to this one, but we've agreed that they've properly scored at that rate. But the sentence seems to me, in order to serve the statutory purposes and in order to have any change of being sufficient, needs to represent an increment above earlier sentences.
>
> So considering all, I'm convinced that the sentence is not greater than necessary to comply with the statutory purposes of sentencing, even though it is a variance mostly above the range recommended by the Guidelines.

Viera appealed his sentence, arguing that it was procedurally and substantively unreasonable. The circuit court affirmed. Viera now moves to vacate his conviction and sentence by raising eight grounds of ineffective assistance of counsel.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL STANDARD

"[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Waters v. Thomas*, 46 F.3d 1506, 1511 (11th Cir. 1995) (*en banc*) (quoting *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994)). As *Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998), explains, *Strickland v. Washington*, 466 U.S. 668 (1984), governs an ineffective assistance of counsel claim:

> The law regarding ineffective assistance of counsel claims is well settled and well documented. In *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims. According to *Strickland*, first, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that

>counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. *Strickland*, 466 U.S. at 687, 104 S. Ct. 2052.

*Strickland* requires proof of both deficient performance and consequent prejudice. *Strickland*, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); *Sims*, 155 F.3d at 1305 ("When applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." 466 U.S. at 690. *Strickland* requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." 466 U.S. at 690.

Viera must demonstrate that counsel's alleged error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." 466 U.S. at 691–92. To meet this burden, Viera must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." 466 U.S. at 694.

*Strickland* cautions that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." 466 U.S. at 690–91. Viera cannot meet his burden merely by showing that the avenue chosen by counsel proved unsuccessful.

> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial . . . . We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220–21 (11th Cir. 1992); *accord Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) ("To state the obvious: the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable . . . . [T]he issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'") (*en banc*) (quoting *Burger v. Kemp*, 483 U.S. 776, 794 (1987)); s*ee also Jones v. Barnes*, 463 U.S. 745, 751 (1983) (counsel has no duty to raise a frivolous claim).

### III.  GROUND ONE

In Ground One Viera claims that counsel was ineffective during plea negotiations because counsel convinced him to plead guilty in exchange for a

three-year sentence. He argues that counsel's performance was deficient because he received a much longer, 73-month sentence.

The record does not support Viera's claim. Containing no promise of a specific sentence, the plea agreement states that Viera faces a maximum sentence of 120 months. At the plea hearing Viera confirmed that counsel reviewed each page of the plea agreement with him, that he understood the agreement, and that he was satisfied with counsel's representation. He understood that he faced a maximum sentence of 120 months, that the sentencing guidelines were advisory, and that he could not withdraw his guilty plea if his sentence was longer than expected. Viera stated that he was pleading guilty freely and voluntarily and that no one coerced him to plead guilty. Viera confirmed that no one had promised him anything, other than the terms of the plea agreement, in exchange for his guilty plea. Finally, Viera understood that the district court was not a party to the plea agreement and could reject the plea agreement, in which case Viera could not withdraw his guilty plea.

"A guilty plea, if induced by promises or threats which deprive it of the character of a voluntary act, is void. A conviction based upon such a plea is open to collateral attack." *Machibroda v. United States*, 368 U.S. 487, 493 (1962). However, a defendant's statements at the plea hearing "constitute a formidable barrier in any subsequent collateral proceedings" because "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). *See also United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994) ("There is a strong presumption that the statements made during the [plea] colloquy are true.").

"[W]hen a defendant makes statements under oath at a plea colloquy, he bears a heavy burden to show his statements were false." *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988). "[C]onclusory allegations unsupported by specifics [are] subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge*, 431 U.S. at 74.

Other than his own conclusory assertions, Viera presents no argument or evidence to rebut his affirmations under oath at the plea hearing. Also, the plea agreement contains no promise of a specific sentence. Viera establishes neither that counsel's performance was deficient nor that there is a reasonable probability that, but for counsel's performance, he would not have pleaded guilty and would have proceeded to trial. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Viera is entitled to no relief on Ground One.

### IV. GROUND TWO

In Ground Two Viera claims that counsel was ineffective for not moving to withdraw his guilty plea after the United States broke its promise in the plea agreement of a twenty-four-to-thirty months' sentence. "The government is bound by any material promises it makes to a defendant as part of a plea agreement that induces the defendant to plead guilty." *United States v. Taylor*, 77 F.3d 368, 370 (11th Cir. 1996).

The plea agreement directly contradicts Viera's claim. Again, the plea agreement contains no promise of a specific sentence. Rather, it states that Viera faces a maximum sentence of 120 months' imprisonment and that the United States

agrees to recommend a sentence within the guidelines range. At sentencing the United States fulfilled that promise; however, the district court varied upward from the guidelines range. Viera acknowledged that he could not withdraw his guilty plea under these circumstances. Viera cannot show that counsel was ineffective for not moving to withdraw his guilty plea because the United States broke no promise in the plea agreement. He is entitled to no relief on Ground Two.

## V.  GROUND THREE

In Ground Three Viera claims that counsel was ineffective for withdrawing his objection to the four-level-enhancement under § 2K2.1(b)(6)(B) for Viera's possession of a firearm in connection with possession of narcotics. He vaguely argues that counsel should have determined first whether the district court and the United States would comply with the plea agreement before withdrawing the objection.

Section 2K2.1(b)(6)(B) permits a four-level enhancement when the defendant possesses a firearm "in connection with another felony offense," including possession of narcotics. The enhancement applies when "a firearm is found in close proximity to drugs." U.S.S.G. § 2K2.1(b)(6)(B), cmt. n.14. Law enforcement discovered in Viera's bedroom "a 12-gauge Mossberg shotgun in plain view[,]" "a black bag containing several plastic baggies holding [a] total of 267.9 grams of marijuana[,]" "two empty magazines[,]" "a box of 20 rounds of 9mm ammunition, a Glock magazine containing 11 rounds of 9mm ammunition, a jar with marijuana residue in it, and an M&M container containing approximately 19 grams of methamphetamine." Crim. Doc. 13 at 18–19.

- 8 -

Viera does not dispute that both the shotgun and the narcotics were discovered in his bedroom. He presents no argument or evidence to explain why the four-level enhancement is unlawful. Counsel is not ineffective for withdrawing a meritless objection to the enhancement. *Brewster v. Hetzel*, 913 F.3d 1042, 1056 (11th Cir. 2019) ("Defense counsel . . . need not make meritless motions or lodge futile objections."); *Bolender v. Singletary*, 16 F.3d 1547, 1573 (11th Cir. 1994) ("[I]t is axiomatic that the failure to raise non-meritorious issues does not constitute ineffective assistance."). Viera is entitled to no relief on Ground Three.

## VI. GROUND FOUR

In Ground Four Viera claims that counsel was ineffective for not moving to withdraw his guilty plea after the district court overruled his objections to both the four- and two-level enhancements for possessing a stolen firearm. Viera presents no relevant argument to support this claim. Counsel represents that she did not object to the two-level enhancement because the United States provided discovery that established the firearm was stolen.

Viera does not dispute that the firearm he possessed was stolen. He presents no argument or evidence to explain why the two-level enhancement was improper. Counsel is not ineffective for not asserting meritless objections to the enhancements. Viera is entitled to no relief on Ground Four.

## V. GROUND FIVE

In Ground Five Viera claims that counsel was ineffective for not terminating the plea agreement after the district court refused to honor its terms. He argues that

Section 6B1.2(a) requires termination of the plea agreement.

Section 6B1.2(a) does not require termination of the plea agreement and provides no support for Viera's claim. This provision permits the district court to accept plea agreements in which the United States agrees either to dismiss a charge or not to pursue potential charges.

The plea agreement expressly states that the district court is neither a party to the agreement nor required to follow the United States' recommendation of a sentence within the guidelines range. Viera consented to these terms and acknowledged his understanding of these terms at the plea hearing. Viera fails to demonstrate that counsel was ineffective for not terminating the plea agreement. He is entitled to no relief on Ground Five.

## VII.  GROUND SIX

In Ground Six Viera claims that counsel was ineffective for not withdrawing his guilty plea after his sentence was enhanced for a suspected but uncharged offense. He vaguely claims that the parties stipulated that such conduct could not form the basis of an enhancement.

Viera identifies neither a stipulation in the plea agreement to support his claim nor an offense that formed the basis of an improper enhancement. At the plea hearing Viera confirmed that he received no promises beyond those in the plea agreement in exchange for his guilty plea. Vague, conclusory, or unsupported claims cannot support an ineffective assistance of counsel claim. *Tejada v. Dugger*,

941 F.2d 1551, 1559 (11th Cir. 1991). Viera cannot demonstrate that counsel was ineffective for not withdrawing his guilty plea after an unidentified, improper enhancement. He is entitled to no relief on Ground Six.

## VIII.  GROUND SEVEN

In Ground Seven Viera claims that counsel was ineffective for not withdrawing his guilty plea after the district court determined that his racketeering conviction constituted a crime of violence. The record does not support Viera's claim.

The initial PSR assigned Viera a base offense level of 20 for possessing a firearm after a conviction for a crime of violence, namely racketeering. Counsel successfully objected to the categorization of racketeering as a crime of violence to support the base offense level. The final PSR assigns a base offense level of 14. Viera cannot demonstrate counsel was ineffective because the successful objection resulted in a lower base offense level. Viera is entitled to no relief on Ground Seven.

## IX. GROUND EIGHT

In Ground Eight Viera claims that counsel was ineffective for not withdrawing his guilty plea after the district court imposed a procedurally and substantively unreasonable sentence. Viera cannot demonstrate that counsel was ineffective because counsel, in fact, objected to the sentence as substantively and procedurally unreasonable. Also, the circuit court affirmed Viera's sentence on appeal, reasoning that in light of "Viera's considerable and violent criminal history," the sentence was

not "outside the 'ballpark' of permissible outcomes." Crim. Doc. 54 at 7. Viera is entitled to no relief on Ground Eight.

Viera's motion under Section 2255 to vacate, set aside, or correct his sentence is **DENIED**. The clerk is directed to enter a judgment against Viera, close this case, and enter a copy of this order in 8:17-cr-152-SDM-TGW.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS

Viera is not entitled to a certificate of appealability ("COA"). A prisoner moving under Section 2255 has no absolute entitlement to appeal a district court's denial of his motion to vacate. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a certificate of appealability, Viera must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because he fails to show that reasonable jurists would debate either the merits of the claims or the procedural issues, Viera is entitled to neither a certificate of appealability nor an appeal *in forma pauperis*.

A certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Viera must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on September 7, 2021.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE